# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| MISTY FOX, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 23-04229-CV-C-BP ) |
| MARTIN O'MALLEY,[1] Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) |

## ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION AND REMANDING FOR RECONSIDERATION

Pending is Plaintiff's appeal of the Commissioner of Social Security's decision denying her application for disability benefits. For the following reasons, the Commissioner's decision is **REVERSED**, and the case is **REMANDED** for reconsideration.

Plaintiff was born in May 1977, has an 11th grade education, and has prior work experience that includes forklift operator, cashier/checker, delivery driver, packager, and product assembler. She filed for benefits in September 2020, claiming an onset date of March 31, 2020, due to a combination of medical conditions. The ALJ found Plaintiff suffers from the severe impairments of degenerative disc disease, fibromyalgia, depression, and anxiety. (R. at 12.) The ALJ then found Plaintiff retains the residual functional capacity ("RFC") to perform light work with additional limitations that need not be detailed here. (R. at 15.) Based on testimony from a vocational expert, she concluded that Plaintiff's RFC precluded her from returning to her past work, but she could perform work as housekeeper/cleaner, routing clerk, or collator operator. (R. at 25-26.)

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023, and is substituted as the Defendant in this action pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Plaintiff's argument does not relate to any of the findings discussed above. Instead, she argues the final decision must be reversed and the case remanded because the ALJ erred in characterizing her migraines as "not severe" and in failing to include limitations in the RFC based on them.[2] "[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole." *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. *E.g.*, *Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. . . . As long as substantial evidence in the record supports the Commissioner's decision, [the Court] may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002) (citations omitted).

The Record contains numerous references to the fact that Plaintiff suffered from, and had received treatment for, migraines. For instance, the state agency doctors identified medical records reflecting treatment for migraines. (R. at 116-17.) Plaintiff underwent several consultative examinations, all of which discussed Plaintiff's migraines. (R. at 725, 739, 1005.) The Record also contains reports from her treating physician discussing her migraines. (*E.g.*, R. at 782-83, 799-803.) And at the hearing, Plaintiff testified she suffers from migraines three to four times a week, that treatment is ineffective, and when experiencing one she must lie down in the dark for six hours or more. (R. at 63-64.)

---

[2] The ALJ is required to consider and include limitations imposed by Plaintiff's non-severe impairments (if any) when formulating the RFC. 20 C.F.R. §§ 404.1523(c); 416.923(c).

The ALJ acknowledged migraines are among the medical conditions contributing to Plaintiff's claim but did not discuss the issue very much. She addressed the issue in a single sentence, concluding Plaintiff was asymptomatic based on a report from the consultative examination performed on October 16, 2021. (R. at 13 (citing Exhibit 16F/4).) The reference cited by the ALJ simply states that Plaintiff "is asymptomatic from a migraine standpoint *today*." (R. at 1008 (emphasis supplied).) The report does not discuss a prognosis related to migraines.

The fact Plaintiff was asymptomatic on October 16, 2021, does not support the ALJ's conclusion that Plaintiff was completely asymptomatic. The fact does not even contradict Plaintiff's testimony; she did not testify that she suffers symptoms daily. The Record also contains evidence regarding Plaintiff's treatment and the effect of her migraines that was not addressed by the ALJ; instead, the ALJ only found that Plaintiff was not suffering a migraine on the day of one of her consultative exams. The Court concludes there is not substantial evidence to support the ALJ's finding that Plaintiff's migraines are asymptomatic and, hence, are not severe.[3]

The Commissioner's final decision is **REVERSED**, and the case is **REMANDED** for reconsideration. The ALJ should also consider whether additional evidence about Plaintiff's migraines should be solicited from her treating physician.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
**DATE**: July 17, 2024   UNITED STATES DISTRICT COURT

---

[3] The Commissioner analyzes the Record and presents arguments based on how the ALJ could have weighed the evidence. However, the Court "may not uphold an agency decision based on reasons not articulated by the agency, when the agency has failed to make a necessary determination of fact or policy upon which the court's alternative basis is premised." *Banks v. Massanari*, 258 F.3d 820, 824 (8th Cir. 2001); *see also SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *Bonnett v. Kijakazi*, 859 F. App'x 19, 20 (8th Cir. 2021). Thus, the Court cannot independently weigh the evidence to determine if it supports the Commissioner's final decision or affirm based on explanations the ALJ did not express.